WILSON *v.* CURB & GUTTER IMPROVEMENT
DISTRICT No. 406.

4-8570                                    212 S. W. 2d 351

Opinion delivered June 21, 1948.

*M. A. Matlock,* for appellant.

*Sherrill, Cockrill & Wills* and *H. M. Trieber,* for appellee.

ROBINS, J.    Appellant is the owner of certain vacant lots situated in Curb and Gutter Improvement District No. 406 and Street Improvement District No. 407, of Little Rock.

In appropriate proceedings in the court below the districts obtained decrees of foreclosure on August 14, 1942, against these and other lots on which assessments for the districts had not been paid.    Pursuant to these decrees sales were had on August 26, 1942, and the districts purchased the same for delinquent assessments, penalties and costs, the total of which, against appellant's property and the other delinquent property, was $10,445.25.

On August 15, 1947, appellant filed his interventions in the foreclosure proceedings, alleging that the districts had sold and assigned to appellee Sanders, for $5,325,

an amount substantially less than the total delinquent assessments, the certificates of purchase issued to the districts, covering the property involved and all other lots foreclosed by the districts. Appellant alleged that this sale, made during the period in which he had a right to redeem from the sale, was an attempt to cut off appellant's right of redemption. Appellant offered to pay into court a sum equal to that paid by said appellee for the certificates of purchase; and he prayed that the assignment of the certificates of purchase be canceled and that the districts be required to accept from appellant the amount tendered in full satisfaction of the delinquent assessments, and to assign the certificates of purchase to appellant.

A demurrer to this intervention was sustained by the lower court and appellant within the time given him to plead further filed an amendment to his intervention.

In this amendment he set up that, in addition to the vacant property described in the original intervention, he owned in said districts another parcel of real estate upon which all the assessments due to the districts had been paid, and that by reason thereof he had an equitable interest in the proceeds of sales made by the district, since all indebtedness due by the district had been paid; that he had been negotiating with the attorney for the district for the purchase, at a discount, of the certificates of purchase covering the property owned by appellant, and that, while no agreement as to the price of the certificates had been reached, he "had requested and been promised a priority and an option to purchase said lots and parcels of land at the minimum price the said improvement district was willing to sell." He further alleged that "as the owner of an equitable interest in the proceeds of any sales . . . he was and is entitled to a priority and an option to purchase at whatever minimum discount price the said improvement district . . . was willing to sell."

Appellant prayed for an order directing said appellee to transfer to appellant the certificates of purchase covering appellant's property upon payment by appel-

lant of the correct proportionate part (applicable to appellant's lots) of the purchase price paid by the said appellee to the districts; or, in the alternative, that the districts be required to accept from appellant the sum of $5,325 and that all of the certificates of purchase be assigned to appellant.

A demurrer to this pleading was sustained, and appellant electing not to plead further his intervention was dismissed for want of equity. He has appealed.

While appellant asserted his right to redeem in his original intervention, he did not offer to exercise this right; nor does he urge that right here.

In his intervention he alleged that he had been given an option (by whom or upon what consideration was not set up) to purchase the property at the lowest price the districts were willing to accept. But in his argument here appellant abandons all contention as to such agreement.

As stated by appellant in his brief, the issue here is: "Whether improvement districts that have foreclosed their liens and received Certificates of Purchase at sales on account of delinquent benefits assessed may, in their discretion, sell and assign their Certificates of Purchase at a substantial discount to a stranger to the title at a private sale before the period of redemption has expired, without notice to the known owner who was at the same time negotiating with and offering to purchase the said certificates at a discount, and who was willing, and is still willing, to pay the said improvement districts, or the purchaser from the said improvement districts, the same amount the stranger to the title paid, and has tendered the same with full recompensation to the purchaser or the districts together with interest thereon at the lawful rate from the date of the sale and assignment to the stranger."

Appellant concedes that the districts have the power to sell real estate acquired by them in foreclosure proceedings and also that they may sell and assign their

certificates of purchase before the expiration of the period of redemption, but he argues that the districts should be required to sell same to the original property owner at the best price it can obtain from a stranger. No court decision or statute is cited in support of this contention, but it is urged "that as a matter of right and equity . . . a stranger to the title should not have a preference in a private sale over the original owner of lots sold."

In the case at bar there is no allegation of fraud or collusion on the part of officials of the districts and said appellee; nor is it alleged that the price paid by said appellee for the certificates of purchase is an unfair one so far as the districts are concerned. Appellant's position is simply: that, as the original owner and as the owner of other property in the districts, appellant is entitled to have the bargain said appellee has made with the districts.

In the absence of any statutory directive to the contrary, the districts had the right, absent fraud or collusion, to sell the certificates of sale to anyone offering a fair price; and there is nothing in the complaint to indicate that the price was unfair or that the sale was tainted with fraud or collusion. The statute does not give the property owner the priority asserted by appellant; and there is no rule of law that accords him any such a right.

The decree of the lower court was correct and is affirmed.